UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JILL WACHTER,<br><br>        Plaintiff,<br><br>  -against-<br><br>MEREDITH CORPORATION,<br><br>        Defendant. | 18 Civ. 6662<br><br>**ANSWER** |

       Defendant Meredith Corporation, by its attorneys, Satterlee Stephens LLP, for its answer to the complaint of plaintiff Jill Wachter, responds and states as follows:

### DEFENDANT'S RESPONSES TO PLAINTIFF'S ALLEGATIONS

    1.    Defendant admits that Paragraph 1 accurately describes the allegations in Plaintiff's complaint insofar as the complaint purports to allege copyright infringement.

    2.    Defendant states that the allegations in Paragraph 2 state a legal conclusion to which no response is required.

    3.    Defendant states that the allegations in Paragraph 3 state a legal conclusion to which no response is required.

    4.    Defendant states that the allegations in Paragraph 4 state a legal conclusion to which no response is required.

    5.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

    6.    Defendant admits that Meredith is a foreign business corporation registered with the New York State Divisions of Corporations to do business in New York and maintains a place

of business at 225 Liberty Street, 9th Floor, New York, New York 10281.  Defendant denies the remainder of the allegations in Paragraph 6.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant admits that on or about August 12, 2015, it ran an article on the Website[1] that included the photographs in Exhibit A to Plaintiff's complaint and that Exhibit B to Plaintiff's complaint includes screenshots from the article.  Defendant denies the remainder of the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant admits that Paragraph 12 incorporates by reference each and every allegation contained in Paragraphs 1 through 11 and hereby incorporates each and every answer made by Defendant in response to paragraphs 1 through 11 of the complaint as though fully set forth herein.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

---

[1] Unless otherwise noted, capitalized terms are used as defined in Plaintiff's complaint.

**DEFENSES**

By including a defense below, Defendant does not intend thereby to assume any burden of production or proof with respect to supporting facts that as a matter of law belongs to Plaintiff, or any other burden not prescribed by law.

1. Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

2. Plaintiff's claim is barred, in whole or in part, by the doctrine of misuse of copyright.

3. Plaintiff's claim is barred, in whole or in part, because Plaintiff does not own valid copyright registrations for the intellectual-property rights asserted and has not properly or timely registered the work.

4. Plaintiff's claim is barred, in whole or in part, because any alleged action or failure to act on Defendant's part was not the proximate cause of any alleged injury to Plaintiff.

5. Plaintiff's claim fails to state facts sufficient to state a claim that would support an award of actual, statutory, or compensatory damages, or attorneys' fees, costs, or expenses.

6. Plaintiff's claim is barred, in whole or in part, because Defendant's conduct was, at all times, in good faith, innocent and without willful intent.

7. To the extent Plaintiff suffered any damages, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

8. Plaintiff's claim is barred, in whole or in part, by the doctrines of fair use, laches, waiver, bad faith, estoppel, ratification, and unclean hands.

9. Plaintiff would be unjustly enriched by any recovery on her claim.

10. Defendant reserves the right, on completion of its investigation and discovery, to assert such additional defenses as may be appropriate.

Dated: September 21, 2018

SATTERLEE STEPHENS LLP

/s/Michael A. Cabin
Michael A. Cabin

230 Park Avenue, Suite 1130
New York, NY 10169-0079
(212) 818-9200
(212) 818-9606/7 (fax)

*Counsel for Defendant Meredith Corporation*

3063583_3